IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY CARLTON TERRY                                                    PLAINTIFF

v.                              Case No. 4:25-cv-4082

OFFICER ADAMS and
MRS. FRIDREKSON                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on November 6, 2025, by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 10. Judge Singleton recommends that Plaintiff's complaint (ECF No. 1) be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff has responded with objections. ECF No. 11. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff, representing himself in this matter, files this action pursuant to 42 U.S.C. § 1983. Plaintiff, at the time of filing, was an inmate of the Southwest Arkansas Community Correction Center in Texarkana, Arkansas. Plaintiff alleges that Defendant Officer Adams violated his due process rights on February 11, 2025, when Officer Adams arrested Plaintiff at his workplace and left his truck unlocked, with the keys inside, and the door open. Plaintiff's truck and all its contents, including his work tools, were stolen. Plaintiff brings this claim against Officer Adams in his individual and official capacities. Plaintiff alleges no facts against Mrs. Fridrekson.[1] For relief, Plaintiff requests that his truck be replaced along with the value of all its contents, including his work tools.

---

[1]In his objections, Plaintiff states that he "withdraw[s] Mrs. Fridrekson" from his complaint. ECF No. 11, p. 1.

Judge Singleton screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III. DISCUSSION

Judge Singleton finds that Plaintiff fails to state a plausible claim based on his personal property loss because Arkansas provides an adequate post-deprivation remedy for conversion. When state law provides an adequate post-deprivation remedy for the loss of property, like state

court tort remedies, a § 1983 claim action may not be maintained. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding intentional deprivations of property do not violate due process when a meaningful state post-deprivation remedy is available); *Harris v. St. Louis Police Dep't*, 164 F.3d 1085, 1086 (holding a § 1983 claim cannot be asserted where an adequate post-deprivation remedy for conversion exists in state court). Plaintiff has not alleged that the post-deprivation remedy for conversion under state law is inadequate or that he has even pursued such remedy. Accordingly, the Court must agree with Judge Singleton and find that because Plaintiff has an adequate post-deprivation remedy under Arkansas law, which he has not exhausted, his Fourteenth Amendment procedural due process claim for deprivation of property should be dismissed. Further, any official capacity claim by Plaintiff fails because he has not alleged a cognizable constitutional violation. *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020).

Plaintiff's objections do not engage with Judge Singleton's analysis of the law, and he simply restates his allegation that "had Officer Adams . . . follow[ed]" procedure and towed and impounded Plaintiff's truck, it would not have been stolen. ECF No. 11, p. 2. The Court is bound to follow the law, and Plaintiff has offered no facts in his objections that would cause the Court to disagree with Judge Singleton's legal analysis.

The Court notes that Plaintiff has filed a document which was docketed as a Motion to Amend Complaint. ECF No. 13. Upon review, the Court finds that this document does not seek leave to file an amended complaint but instead moves the Court to appoint an attorney and expresses frustration with the prison mail system. The Court has already denied Plaintiff's Motion to Appoint Counsel (ECF No. 12), which was filed on the same day as the present motion (ECF No. 13). Thus, the Court finds that the present motion (ECF No. 13) is **DENIED** for the same reasons the Court denied Plaintiff's previous motion. ECF Nos. 12, 16.

3

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Singelton's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 11) and adopts the Report and Recommendation (ECF No. 10) *in toto*.  Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Further, Plaintiff's Motion to Appoint Counsel (ECF No. 13), which was docketed as a Motion to Amend Complaint, is **DENIED**.

**IT IS SO ORDERED**, this 31st day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge